James J. Crisona, J.
Plaintiffs in an action pending in the Supreme Court, Nassau County, who are the defendants in a summary proceeding in the District Court of the County of Nassau, Second District, brought by one of the defendants in the Supreme Court action, move to consolidate these actions for trial in the Supreme Court.
The defendants in the Supreme Court action cross-move, pursuant to section 237-a of the Civil Practice Act, to set aside the service of process on the defendant Alexander Silverblatt, and to dismiss the complaint against both defendants, upon the ground that the Supreme Court does not have jurisdiction of the subject matter of plaintiffs’ action.
*513 The cross motion is denied. There is no question of proper service upon the defendant, Bernard Associates Number Three, Inc. The defendant, Alexander Silverblatt, a resident of Florida, and who is the alleged landlord in the summary proceeding, designated as 1 ‘ Alexander Silverblatt, c/o Lester Forest, Esq., 236 Union Avenue, Lynbrook, New York”, was served with process through his attorney, Lester Forest, in reliance upon section 227-a of the Civil Practice Act, which provides as follows: “ The commencement of any action or proceeding in any court of this state by any person not residing in this state shall be deemed a designation by such non-resident person of the attorney appearing in such action or proceeding for such non-resident person as his agent to receive, during the pendency of such action or proceeding, service of process in any court of this state for the determination of any cause of action or claim asserted, either separately pr along with any other person or persons, by any person named as a defendant or a respondent in the action or proceeding so brought, against such non-resident either separately or along with any other person or persons, provided the cause of action or claim is one which could have been interposed by way of counterclaim had the action or proceeding been brought in the supreme court.”
This court is of the opinion that the commencement of the summary proceeding by defendant Silverblatt was, under the foregoing section, a designation by him of the attorney appearing in such proceeding as his agent to receive, during the pendency thereof, service of process in the action brought by the plaintiffs in this court to set aside a second bond and mortgage for usury, an extension agreement and other instruments, pursuant to which said Silverblatt claims to be the owner of the premises and the landlord of the plaintiffs, whereas said instruments, if valid, are nothing more than further security for the payment of the balance due on the second mortgage. (Garfield v. Mackinney, 7 Misc 2d 94.) The alleged waiver in the agreement relied upon by the defendants is inapplicable to plaintiffs ’ action, since such waiver contemplates the interposition of a counterclaim referable solely to a proceeding for the possession, use and occupancy of the premises or for damages, whereas the action brought by the plaintiffs in the Supreme Court is to cancel an allegedly usurious mortgage and to annul the deeds that were executed in accordance with said agreement.
The plaintiffs’ motion is granted. The interests of justice require that the issues presented in both actions be determined at the same time.